UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

MONECIA NICHOLE REED,

    PLAINTIFF,

                                                    CASE NO.: 3:20-cv-2511

V.

CORELOGIC SCREENING
SERVICES, LLC,                       ***JURY DEMANDED***

    DEFENDANT.

## COMPLAINT

### I.   INTRODUCTION

1. This is an action for damages brought by an individual consumer, Monecia Nichole Reed, against Defendant Corelogic Screening Services, LLC ("Defendant" or "CoreLogic") for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§1681, *et* seq. Under the FCRA, "consumer reports" subject to the statute's protections include not simply those used in establishing the consumer's eligibility for credit, but also those used for housing. 15 U.S.C. §1681a(d)(1)(B).

### II.   PARTIES

3. Plaintiff Monecia Nichole Reed ("Plaintiff") is an adult individual who resides within this judicial district.

4. Defendant is a foreign limited liability company that regularly conducts business in the Northern District of Texas and its principal place of business located at 40 Pacifica Avenue, Suite 900, Irvine, California 92618.

### III.   JURISDICTION AND VENUE

5. Jurisdiction of this Court arises under 15 U.S.C. § 1681p and 28 U.S.C. § 1331. 1337.

6.  Venue lies properly in this district pursuant to 28 U.S.C. §1391(b).

### IV.  STATEMENT OF FACTS

7.  Defendant has been reporting derogatory and inaccurate statements and information relating to Plaintiff to third parties (hereafter the "inaccurate information").

8.  The inaccurate information includes, but is not limited to, a civil judgment in favor of AROP Promenade Jersey Village LLC in the amount of $1,298, a $1,005 charge-off/active account reported by Cottonwood Financial, and a $639 "charge-off/active" account for an reported by an unknown creditor.

9.  The inaccurate information negatively reflects upon the Plaintiff, and also misidentifies Plaintiff as a person who has a default judgment against her for an eviction. It appears that Defendant, as a result of its unreasonable faulty procedures, produced a consumer report that identified Plaintiff as having a judgment against her when Plaintiff does not have a civil judgment against her in favor of AROP Promenade Jersey Village.  Defendant mixed the background information of Plaintiff and that of another consumer with respect to the inaccurate information, public record information, and other personal identifying information.

10. Defendant has been reporting the inaccurate information through the issuance of false and inaccurate background information and consumer reports that it has disseminated to various persons and prospective landlords, both known and unknown.

11. During the past two years, Plaintiff has applied for and has been denied housing opportunities, including but not limited to, housing opportunities with Seville Uptown and Milano Apartments.  Plaintiff has been informed that the basis for these denials was the inaccurate information that appears on Plaintiff's consumer report with Defendant and that the inaccurate information was a substantial factor for those denials.

12. Plaintiff's consumer reports and file have been obtained from Defendant and have been reviewed by prospective landlords, and the inaccurate information has been a substantial factor in precluding Plaintiff from receiving housing opportunities, known and unknown.

13. Plaintiff disputed the inaccurate information to Defendant by telephone on no less than two occasions.

14. Defendant failed to reinvestigate or deleted the disputed items of information no less than twice.

15. Plaintiff received her CoreLogic consumer disclosure dated February 7, 2019.

16. Defendant failed to disclose the source of the items of information contained in Plaintiff's consumer disclosure described in the preceding paragraph.

17. For example, CoreLogic did not identify the source of the inaccurate information identified above.

18. Disclosure of the true source of a CRA's information is vital so that certain credit reporting errors that originate at the source can be corrected, and so that consumers always know who is furnishing important information about them.

19. Nevertheless, and despite the clear mandate of FCRA § 1681g(a)(2), Defendant never discloses to consumers the true sources of the public record information that it collects and reports about them.

20. In this regard, Defendant is more interested in maintaining the appearance that it receives actual public records from true government sources and in protecting its low-cost private sources of public record data than in disclosing to consumers vital information that Congress requires CRAs to disclose to consumers.

21. Upon information and belief, and based on Defendant's procedures, it will prepare reports that include collection accounts without disclosing the source or "reporting merchant" as it failed to do for Plaintiff.

22. Defendant conceals that its sources of the items of that it obtains from private vendors that supply it information, which can be inaccurate, incomplete or not up to date.

23. As a result of Defendant's conduct, Plaintiff has suffered actual damages in the form of lost housing opportunities, harm to her reputation, and emotional distress, including anxiety, stress headaches, depression, sleeplessness, loss of sleep, frustration, humiliation, and embarrassment. Plaintiff has also incurred out-of-pocket expenses related to storing her furniture and costs associated with multiple moves.

24. At all times pertinent hereto, Defendant was acting by and through its agents, servants, and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendant herein.

25. At all times pertinent hereto, the conduct of the Defendant as well as that of its agents, servants, and/or employees, was intentional, willful, reckless, negligent, and in grossly negligent disregard for federal and state laws and the rights of the Plaintiff herein.

## V.   CAUSES OF ACTION

### COUNT ONE – VIOLATIONS OF THE FCRA

26. Plaintiff realleges and incorporates by reference all preceding allegations.

27. At all times pertinent hereto, the above-mentioned tenant screening reports were a "consumer reports" as that term is defined by 15 U.S.C. § 1681a(d).

28. Defendant violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of Plaintiff's background report and the files it published and maintained.

29. The personal identifying information supplied by the users' of plaintiff's CoreLogic reports included, at a minimum Plaintiff's full first name, and on at least one occasion, her middle initial "N", too.

30. The court records related to the judgment clearly state that the judgment was entered against "M.C. Reed" not Monecia Nichole Reed, Monecia Reed or Monecia N. Reed.

31. Defendant knew or should have known that the public record did not belong to Plaintiff based on the inconsistent name alone.

32. As a result of Defendant's violations of 15 U.S.C. §1681e(b), Plaintiff suffered actual damages as outlined more fully above.

33. The violations by Defendant were willful, rendering Defendant liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.  In the alternative, Defendant was negligent, which entitles Plaintiff to recovery under 15 U.S.C. §1681o.

34. Plaintiff is entitled to recover punitive damages, actual damages, statutory damages, costs, and attorney's fees from Defendant in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

## COUNT TWO – VIOLATIONS OF THE FCRA

35. Plaintiff realleges and incorporates by reference all preceding allegations.

36. Plaintiff called CoreLogic.

37. Plaintiff disputed inaccurate items of information over the telephone to Defendant on no less than two occasions in the two years preceding the date of Plaintiff's Complaint.

38. In response to Plaintiff's disputes, Defendant did not delete the disputed items of information.

39. In response to Plaintiff's disputes, Defendant took no action to reinvestigate the disputed items of information.

40. As a result of Defendant's violations of 15 U.S.C. §1681i(a)(1)(A), Plaintiff suffered actual damages as outlined more fully above.

41. The violations by Defendant were willful, rendering Defendant liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n. In the alternative, Defendant was negligent, which entitles Plaintiff to recovery under 15 U.S.C. §1681o.

42. Plaintiff is entitled to recover punitive damages, actual damages, statutory damages, costs, and attorney's fees from Defendant in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

## COUNT THREE – VIOLATIONS OF THE FCRA

43. Plaintiff realleges and incorporates by reference all preceding allegations.

44. In response to Plaintiff's disputes, Defendant did not review or consider any information in connection with the disputes it received from Plaintiff.

45. As a result of Defendant's violations of 15 U.S.C. §1681i(a)(4), Plaintiff suffered actual damages as outlined more fully above.

46. The violations by Defendant were willful, rendering Defendant liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n. In the alternative, Defendant was negligent, which entitles Plaintiff to recover under 15 U.S.C. §1681o.

47. Plaintiff is entitled to recover punitive damages, actual damages, statutory damages, costs, and attorney's fees from Defendant in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

## COUNT FOUR – VIOLATIONS OF THE FCRA

48. Plaintiff realleges and incorporates by reference all preceding allegations.

49. In response to Plaintiff's disputes, Defendant did not contact the person who supplied Defendant with the disputed items of information within five (5) business days of receipt of Plaintiff's disputes.

50. As a result of Defendant's violations of 15 U.S.C. §1681i(a)(2)(A), Plaintiff suffered actual damages as outlined more fully above.

51. The violations by Defendant were willful, rendering Defendant liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n. In the alternative, Defendant was negligent, which entitles Plaintiff to recover under 15 U.S.C. §1681o.

52. Plaintiff is entitled to recover punitive damages, actual damages, statutory damages, costs, and attorney's fees from Defendant in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

## COUNT FIVE – VIOLATIONS OF THE FCRA

53. Plaintiff realleges and incorporates by reference all preceding allegations.

54. In response to Plaintiff's disputes, Defendant did not provide the person who supplied Defendant with the disputed items of information with all relevant information related to Plaintiff's disputes.

55. As a result of Defendant's violations of 15 U.S.C. §1681a(2)(B), Plaintiff suffered actual damages as outlined more fully above.

56. The violations by Defendant were willful, rendering Defendant liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n. In the alternative, Defendant was negligent, which entitles Plaintiff to recover under 15 U.S.C. §1681o.

57. Plaintiff is entitled to recover punitive damages, actual damages, statutory damages, costs, and attorney's fees from Defendant in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

## COUNT SIX – VIOLATIONS OF THE FCRA

58. Plaintiff realleges and incorporates by reference all preceding allegations.

59. CoreLogic failed to include the source of all items of information on Plaintiff's February 2019 report.

60. As a result of Defendant's violations of 15 U.S.C. §1681g(a)(2), Plaintiff suffered actual damages as outlined more fully above.

61. The violations by Defendant were willful, rendering Defendant liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n. In the alternative, Defendant was negligent, which entitles Plaintiff to recovery under 15 U.S.C. §1681o.

62. Plaintiff is entitled to recover punitive damages, actual damages, statutory damages, costs, and attorney's fees from Defendant in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

## Jury Trial Demand

63. Plaintiff demands trial by jury on all issues so triable.

WHEREFORE, Plaintiff seeks judgment in Plaintiff's favor and damages against Defendant, for the following requested relief:

**COUNT ONE**

    A.    Actual damages;

    B.    Statutory damages;

    C.    Punitive damages;

    D.    Costs and reasonable attorney's fees pursuant to 15 U.S.C. §§ 1681n and 1681o; and,

    E.    Such other and further relief as may be necessary, just and proper.

**COUNT TWO**

  A. Actual damages;

  B. Statutory damages;

  C. Punitive damages;

  D. Costs and reasonable attorney's fees pursuant to 15 U.S.C. §§ 1681n and 1681o;

and,

  E. Such other and further relief as may be necessary, just and proper.

## COUNT THREE

  A. Actual damages;

  B. Statutory damages;

  C. Punitive damages;

  D. Costs and reasonable attorney's fees pursuant to 15 U.S.C. §§ 1681n and 1681o;

and,

  E. Such other and further relief as may be necessary, just and proper.

## COUNT FOUR

  A. Actual damages;

  B. Statutory damages;

  C. Punitive damages;

  D. Costs and reasonable attorney's fees pursuant to 15 U.S.C. §§ 1681n and 1681o;

and,

  E. Such other and further relief as may be necessary, just and proper.

## COUNT FIVE

  A. Actual damages;

  B. Statutory damages;

  C. Punitive damages;

    D.    Costs and reasonable attorney's fees pursuant to 15 U.S.C. §§ 1681n and 1681o; and,

    E.    Such other and further relief as may be necessary, just and proper.

### COUNT SIX

    A.    Actual damages;

    B.    Statutory damages;

    C.    Punitive damages;

    D.    Costs and reasonable attorney's fees pursuant to 15 U.S.C. §§ 1681n and 1681o; and,

    E.    Such other and further relief as may be necessary, just and proper.

Respectfully submitted,

*/s/ Micah S. Adkins*
Micah S. Adkins
TX BAR NO. 24088777
**THE ADKINS FIRM, P.C.**
1025 Westhaven Blvd., Suite 220
Franklin, Tennessee 37064
T:  (615) 370.9659
F:  (615) 370.4099
E:  MicahAdkins@ItsYourCreditReport.com
*Counsel for Plaintiff*
*Monecia Nichole Reed*